United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-17908-ref
Juan P Garcia                                                             Chapter 13
Juan P Garcia
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4            User: SaraR              Page 1 of 1            Date Rcvd: Jun 08, 2017
                               Form ID: pdf900          Total Noticed: 3


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 10, 2017.
db          +Juan P Garcia,    4707 Route 309, Apt. B,   Schnecksville, PA 18078-2460
db          +Juan P Garcia,    MAILING ADDRESS,   4804 Route 309,   Apt. 1,   Schnecksville, PA 18078-2201

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr          +E-mail/PDF: gecsedi@recoverycorp.com Jun 09 2017 00:51:35     Synchrony Bank,
              c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                   TOTAL: 1

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 10, 2017                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 8, 2017 at the address(es) listed below:
          ANN E. SWARTZ    on behalf of Creditor    Ditech Financial LLC fka Green Tree Servicing LLC
           ecfmail@mwc-law.com,   ecfmail@mwc-law.com
          FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com
          JOSEPH ANGEO DESSOYE    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
          JOSEPH ANGEO DESSOYE    on behalf of Creditor    Ditech Financial LLC FKA Green Tree Servicing LLC
           paeb@fedphe.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation
           bkgroup@kmllawgroup.com
          PAUL EDWARD TRAINOR    on behalf of Debtor Juan P Garcia trainorlawoffices@gmail.com
          THOMAS I. PULEO    on behalf of Creditor    Toyota Motor Credit Corporation tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                          TOTAL: 10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Juan P. Garcia | CHAPTER 13 |
| Debtor | |
| Toyota Motor Credit Corporation | |
| Movant | NO. 16-17908 REF |
| vs. | |
| Juan P. Garcia | |
| Debtor | |
| | 11 U.S.C. Section 362 |
| Frederick L. Reigle. | |
| Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the vehicle held by the Movant on the Debtor's vehicle is $1,064.88, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 12, 2017 through May 12, 2017 at $532.47/month |
| **Total Post-Petition Arrears** | **$1,064.88** |

2.    The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$1,064.88.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$1,064.88** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.    Beginning with the payment due June 12, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly vehicle payment of $532.47 (or as adjusted pursuant to the terms of the vehicle) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.    Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.    In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail

to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and

the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the

stay provided by Bankruptcy Rule 4001(a)(3).

      6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the

Court and the Court shall enter an order granting Movant relief from the automatic stay.

      7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement

shall be null and void, and is not binding upon the parties.

      8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to

seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under

the terms of the vehicle and applicable law.

      9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    May 31, 2017

By: /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734


Date: 6/5/2017

Paul Edward Trainor, Esquire
Attorney for Debtor


Date: 6/6/17

Frederick L. Reigle
Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2017. However, the court retains
discretion regarding entry of any further order.

**Date: June 8, 2017**

Bankruptcy Judge
Richard E. Fehling